### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| **MICHE BAG, LLC,**<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>**SUSAN BOTHWELL,**<br><br>　　　　　　　Defendant. | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br>**Case No. 2:09CV355DAK**<br><br>**Judge Dale A. Kimball** |

On September 4, 2009, this court notified the parties that it was construing a letter from Defendant Susan Bothwell as a motion to rescind the consent judgment entered in this case on May 6, 2009. The court directed Plaintiff to file a response to the motion, which it did on September 21, 2009. The court also allowed Defendant to file a reply memorandum in support of her motion. Defendant did not file a reply and her time for doing so has passed. Accordingly, the court enters the following Order based on the submissions of the parties and the law and facts relevant to the present motion.

As noted in the court's prior order, this case was closed on May 6, 2009, when the parties filed a stipulated motion for entry of judgment and the court signed the consent judgment and permanent injunction in favor of Miche Bag. Defendant's August 17, 2009 letter requests that the court declare the consent judgment she entered into in this case to be "null and void." Defendant appears to seek rescission of the consent judgment in order to challenge personal jurisdiction over her in this court.

But, Defendant knowingly agreed in the Consent Judgment that this court had jurisdiction over the parties.  The law allows a party to consent to personal jurisdiction.  *United States v. Vreeken*, 803 F.2d 1085, 1089 (10th Cir. 1986).  Even without specific language consenting to jurisdiction, courts have recognized that "a person who executes a stipulation for settlement which is filed with and ratified by the trial court . . . voluntarily submits himself to the jurisdiction of that court."  *Woods v. Luby Chevrolet Inc.*, 402 So.2d 1316, 1317 (Fla. Ct. App. 1981).  The court, therefore, finds no basis for finding the consent judgment null and void based on a lack of personal jurisdiction over Defendant.  Defendant lawfully consented to the jurisdiction of this court.

Moreover, the dismissals in the other cases referred to by Defendant were without prejudice.  The dismissal merely required Plaintiff to bring the action in another forum.  The dismissals were not on the merits of the action.  In contrast, the Consent Judgment in this case was on the merits and constituted a settlement reached by the parties.  There are few instances in which such an agreement can be set aside.  "Equity is not available to reinstate rights and privileges voluntarily contracted away simply because one has come to regret the bargain made." *Lea v. Bowers*, 658 P.2d 1213, 1215 (Utah 1983).  If the court were to set aside the consent judgment and dismiss the case for lack of personal jurisdiction, Plaintiff and Defendant would simply start over in a new jurisdiction.  Such a result would be contrary to the law's preference for finality in agreements and court judgments.  There is a need for parties to have confidence that judgments of the court are final.

For the above reasons, the court denies Defendant's motion to rescind the consent judgment.

DATED this 2d day of November, 2009.

BY THE COURT:

DALE A. KIMBALL
United States District Judge